Coffing v. Carnahan et al.

No. 14,019.

COFFING v. CARNAHAN ET AL.

JUDGMENT.—*Assignment in Writing.* — *Complaint Averring.* — *Evidence.*—
Where a complaint for an injunction to restrain the seizure and sale of
property under an execution issued on a judgment, on the ground that
the judgment had been assigned by the judgment creditor and paid in
full to the assignee, avers that the assignment was in writing, the plain-
tiff is precluded from showing that it was by parol.

SAME.—*Loss of Instrument.*—*Failure to Show.*—*Secondary Evidence.*—In such
case, in the absence of evidence showing the loss of the instrument, or
that search was made for it at the proper place, secondary evidence can
not be resorted to to show its contents.

From the Fountain Circuit Court.

*C. M. McCabe,* for appellant.

*S. F. Wood,* for appellees.

ELLIOTT, J.—The appellant alleges in his complaint that
Daniel Osborne obtained a judgment against him before a
justice of the peace; that an execution has been issued on
the judgment, and that the property of the plaintiff will be
seized and sold unless the parties are restrained by an in-
junction. The ground upon which the injunction is asked
is that the judgment creditor, Osborne, assigned the judg-
ment, by a writing, to Smith Coffing to whom the appellant
paid it in full.

We shall only consider such questions as counsel have ar-
gued, and these arise on the motion for a new trial.

The appellant contends that the court erred in refusing to
permit him to give parol evidence of the contents of the in-
strument under which Smith Coffing claims to be the as-
signee of the judgment, but there was no error in this
ruling. The complaint avers that the assignment was in
writing, and this precludes the plaintiff from showing that
it was by parol. The instrument can not be regarded as a

collateral one, since it is upon this writing—which is pleaded at length in the complaint—that the appellant's cause of action depends.   It is obvious that he can not succeed unless there was such a writing as he relies. on in his complaint, nor can he succeed without producing the instrument itself, or accounting for its absence.   There is no evidence showing the loss of the instrument, nor is there any evidence showing that search was made for it at the proper place, and in the absence of such preliminary proof there was no right to resort to secondary evidence.

Without the production of the writing there was a lack of evidence essential to a recovery, and the trial court did right in rendering judgment in favor of the appellee.

Judgment affirmed.   ·

Filed March 1, 1890.